**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MICHAEL G. LYNN,** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **C. A. NO. 05-041T** |
| | ) | |
| **COLIN POWELL, SECRETARY,** | ) | |
| **OF STATE FOR THE UNITED** | ) | |
| **STATES OF AMERICA** | ) | |
| **Defendant** | ) | |

FILED JUN 07 U.S. DISTRICT DISTRICT OF R.I.

**PARTIES' JOINT MOTION TO TRANSFER CASE TO THE DISTRICT OF COLUMBIA BASED ON LACK OF VENUE IN THE DISTRICT OF RHODE ISLAND**

The parties, Plaintiff Michael G. Lynn and Defendant Colin Powell, Secretary of State for the United States of America, through undersigned counsel, hereby request the Court to enter an order transferring this case to the United States District Court for the District of Columbia. In support thereof, the parties state as follows:

1. Plaintiff Michael G. Lynn filed the instant case on February 3, 2005. Mr. Lynn's claims are brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., The Americans With Disabilities Act, 42 U.S.C. § 12101, et seq., ("ADA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq.

2. The ADA and the Rehabilitation Act incorporate the procedural requirements of Title VII, including the venue provision. See 42 U.S.C. § 12117(a); 29 U.S.C. § 794a(a)(1); In Re Horseshoe Entertainment, 337 F.3d 429 (5th Cir. 2003); Bolar v. Frank, 938 F.2d 377 (2d Cir. 1991). Thus, venue for all of plaintiff's claims is governed by the Title VII venue provision.

3. Section 2000e-5(f)(3), Title VII's venue provision, provides that:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this title [42 U.S.C. § 2000e et seq.]. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of title 28 of the United States Code, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

4. Mr. Lynn alleges that he applied for a job in the Foreign Service. The United States Department of State's has a "worldwide availability" policy, which requires candidates for Foreign Service positions to be medically cleared to serve anywhere in the world. He alleges that he was found not to be available throughout the world, and not hired, because he has epilepsy. He also alleges that the United States Department of State discriminated against him in refusing to grant him a waiver of that policy. The incidents of which he complains, the decisions regarding his application for employment and his request for a waiver of the worldwide availability policy, took place in Washington, D.C., and all of the relevant employment records are maintained in Washington, D.C. Accordingly, pursuant to 42 U.S.C. § 2000e-5(f)(3), venue is not proper in the District of Rhode Island.

4. Thus, pursuant to 28 U.S.C. 1406(a), the parties respectfully request that the Court transfer the case to the District of Columbia.

WHEREFORE, the parties respectfully request that the Court enter an order transferring the case to the United States District Court for the District of Columbia.

Respectfully submitted,

COUNSEL FOR DEFENDANTS:

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

ANTHONY C. DIGIOIA
ASSISTANT U.S. ATTORNEY
United States Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th FL
Providence, RI 02903
(401) 709-5000

GRANTED
Ernest C. Torres
Chief, US District Judge
6/24/05

Dated: 5/25/05

COUNSEL FOR PLAINTIFF:

BRUCE GLADSTEIN, ESQ.
750 East Avenue
Pawtucket, RI 02860
401-722-9900

Dated:____________